### No. 742
### STATE ex rel v. HERRICK et al
Ohio Appeals, Second District, Franklin County
Nos. 114, 115.    Decided Aug. 1, 1923

### 326A.  ROADS.

**Contracts**—Highway Director may change after bid is let, but questionable power—Work having been completed without complaint is should be paid for.

#### Epitomized Opinion

Action by citizens and tax payers against the Director of Highways and Public Works, other

public officers, and contractor, to enjoin the payment of estimates upon certain contracts, for parts of Cleveland-Sandusky, Cleveland-Norwalk, Cleveland-Elyria, and Elyria-Lorain roads. At the time these suits were brought, a considerable portion of the work had been completed, and at the time of the hearing in the Court of Appeals, the work upon all the contracts had been completed. The evidence disclosed that after the contracts had been awarded to the Highway Construction Co., the lowest bidder, the Highway Commissioner altered the contracts and thereby materially increased the cost of construction of these roads. In dismissing the petition, the Court of Appeals held:

1. By 1207-1 GC. the Director of Highways has unlimited authority to make changes in the quantities of any material that go into the construction of a highway, when it is built under a unit price basis. This right should not be given to the Director, and the legislature never intended to vest him with such arbitrary power.

2. As the work under the contracts has been performed and the contractor was bound to perform under the supervision and direction of the Highway Commissioner, it is right that it should be paid for and is so ordered, under the authority of 74 OS. 194.

Attorneys—W. S. Pealer, R. L. Walton and W. L. Hart, for State; F. B. Fauver, W. D. Meals, for Construction Co.; W. J. Myers and J. C. Wiilliamson, for Director of Highways and Public Works.